UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RENEE CHAPMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13CV730-PPS/CAN |
| | ) | |
| STATE OF INDIANA, GOVERNOR | ) | |
| MICHAEL R. PENCE, in his official | ) | |
| capacity, INDIANA STATE POLICE | ) | |
| DEPARTMENT, and STATE TROOPER | ) | |
| DANIEL BURCH, in his individual | ) | |
| capacity | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Plaintiff Renee Chapman claims that she is the victim of a variety of state law torts and also has had a number of her constitutionally protected rights violated by the acts of Indiana State Trooper Daniel Burch. Her First Amended Complaint alleges a series of claims not only against Burch, but also the State of Indiana, Governor Michael R. Pence, and the Indiana State Police Department. [DE 23.] Defendants seek dismissal of Pence and dismissal of Counts I-VI.[1] [DE 26.] For the following reasons, Defendants' motion is GRANTED in part and DENIED in part.

---

[1] In their Partial Motion to Dismiss, Defendants also presented challenges to Counts X and XI of Chapman's First Amended Complaint. [DE 27 at 7-9.] However, in their Reply, Defendants apparently dropped their challenge to Counts X and XI, as they are not discussed and are conspicuously absent in the final sentence which reads, "[t]he First Amended Complaint with respect to Counts I through VI should be dismissed." [DE 29 at 4.]

1

FACTS AND PROCEDURAL BACKGROUND

On April 7, 2012, Chapman was traveling home after spending time with family and friends, when Burch began to follow Chapman's vehicle. [DE 23 at ¶6.] Shortly before Chapman arrived home, Burch activated his emergency lights. [Id.] Chapman continued driving and pulled up to her house before gathering her driver's license and insurance/registration information, unaware of why she was being pulled over. [Id. at ¶7.] Chapman next alleges that Burch approached Chapman's vehicle, opened the driver's door, pulled her from the vehicle, threw her to the ground, handcuffed her, pulled her back up, and placed her under arrest. [Id. at ¶8.]

Chapman filed a complaint in St. Joseph County Superior Court. [DE 1.] Defendants then removed the case to federal court. [DE 2.] On the same day that they filed their Partial Answer to Chapman's Complaint, Defendants also filed a Partial Motion to Dismiss. [DE 7, 8.] In lieu of filing a response brief, Chapman opted to amend her complaint. [DE 22.] In light of the filing of the Amended Complaint, I denied Defendants' Partial Motion to Dismiss, without prejudice, as moot. [DE 24.] A few days later, Defendants filed their Partial Answer to Chapman's Amended Complaint, as well as a Partial Motion to Dismiss Chapman's Amended Complaint, which I will now consider. [DE 25, 26.]

DISCUSSION

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009); accord *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, but I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The first step in my analysis is to identify and disregard all allegations in the First Amended Complaint that are not entitled to the presumption of truth, especially including any legal conclusions. *Id*. at 680. Then I must look at the remaining allegations to determine whether they plausibly – and not merely possibly or conceivably – suggest an entitlement to relief. *Id*. at 681. This task invariably requires me to draw on my judicial experience and common sense. *Id*. at 679.

I. **Chapman's Claim against Governor Pence**

Chapman filed her First Amended Complaint naming Governor Pence in his official capacity and indicating that Pence "is a Defendant in this action only insofar as declaratory relief is sought by Chapman and is not a Defendant in any other capacity or claim." [DE 23 at ¶3.][2] Because those references to Pence in paragraph 3 are the last mention of the Governor in the pleading, even the notion that Chapman has brought a "claim" for declaratory relief against Pence is overly generous. The First Amended Complaint is completely lacking in any factual allegations or a legal theory supporting any claim for relief against Pence, and he will be dismissed for that reason.

Governor Pence primarily argues he is immune from suit under the Eleventh Amendment. Notwithstanding the parties' arguments about the scope of Eleventh

---

[2] Chapman erroneously states in her Memorandum in Opposition to Defendants' Partial Motion to Dismiss that she "requested both declaratory *and injunctive relief* against Pence in his official capacity." [DE 28 at 4.] (emphasis added).

3

Amendment immunity, the claim against Governor Pence fails on more obvious grounds, namely that it has been insufficiently pled. Chapman appears to be asking for a declaration that Pence's conduct was unconstitutional. [DE 23 at 7.] But there is nothing in Chapman's First Amended Complaint that describes what conduct by Pence was supposedly unconstitutional. More to the point, Chapman does not present any facts which indicate that any of Burch's alleged misconduct was the result of any action attributable or traceable to Pence. Without any such facts, Chapman's complaint is insufficient to satisfy *Iqbal's* requirement that the claim be "plausible." Since Chapman presents only threadbare legal conclusions unsupported by anything more than purely conclusory statements in her claim against Governor Pence, Defendants' Motion to Dismiss Chapman's claim for declaratory relief against Pence will be GRANTED.

## II.    Counts I, II, and III

I turn next to Defendants' argument that Counts I-III are not sufficiently pled. As an initial observation, Defendants present their Motion to Dismiss under the impression that Counts I-III are pled "against Trooper Burch in his individual capacity." [DE 27 at 4.] Interestingly enough, the headings for Counts I-III in Chapman's First Amended Complaint each read respectively as: "Battery Against Defendants," "Assault Against Defendants," and "False Imprisonment Against Defendants;" which leave the reader with the impression that either: (1) the Defendants are the victims of the alleged battery, assault, and false imprisonment, or (2) that the Counts apply to all named Defendants. [DE 23 at 3-4.] Regardless of Chapman's headings for these counts, only Burch is specifically identified in the text of each of them. [*Id.*] In light of this, and since in her

4

response Chapman does not push back against Defendants' reasonable interpretation of Counts I-III, I will treat Counts I, II, and III as applying only to Burch.

Defendants' primary argument for dismissal of Counts I-III revolves around Chapman's repeated allegation that Burch's actions "were malicious, willful, and wanton." Specifically, Defendants argue that Chapman does not include a reasonable factual basis supporting such allegations, as required by Ind. Code § 34-13-3-5(c). [DE 27 at 4-5.] Defendants also argue that Chapman's First Amended Complaint fails to meet the minimal pleading requirements of Fed.R.Civ.P. 8, which calls for a "short plain statement of the claim showing that the pleader is entitled to relief." [Id. at 5.]

It is clear to me that Chapman has sufficiently pled her claims for battery, assault, and false imprisonment. Chapman's complaint contains factual allegations that Burch, "proceeded to yank Ms. Chapman out of the vehicle and throw her onto the ground after which he handcuffed Ms. Chapman, pulled her back up placing her up against the vehicle, and ultimately placed her under arrest." [DE 23 at ¶8.] Chapman adopts and incorporates these allegations in Counts I-III, as encouraged by Fed.R.Civ.P. 10(b). Following *Iqbal*, I am to accept these factual allegations as true and draw all reasonable inferences in the complainant's favor. *Iqbal*, 556 U.S. at 678. Since Counts I-III are not threadbare legal conclusions, but are supported by factual allegations I've accepted as true, I also must analyze whether they plausibly suggest an entitlement to relief. *Id*. at 678, 681.

The *Twombly/Iqbal* plausibility standard means that it is not enough to allege facts consistent with the asserted claim; the alleged facts must affirmatively "nudge" the

5

claim into the realm of plausibility. *See Twombly*, 550 U.S. at 570. Put a little more concretely, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Here, it is obvious that Chapman has provided allegations that present a story that holds together, plausibly suggesting that she may be entitled to relief she seeks in Counts I through III for battery, assault and false imprisonment. The manhandling she describes is sufficient to present a plausible case for each of those torts. Defendants' Motion to Dismiss Counts I, II, and III will be DENIED.

### III. Counts IV, V, and VI

#### A. Federal Rule of Civil Procedure 12(g)(2)

As an initial matter, in view of Defendants' earlier motion to dismiss, Chapman raises the interesting argument that Defendants have waived the ability to move for dismissal of Counts IV-VI because of Fed.R.Civ.P. 12(g)(2). According to Rule 12(g)(2), "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." But as Defendants correctly assert, Rule 12(h)(2) expressly excepts failure-to-state-a-claim defenses from the Rule 12(g) "consolidation requirement."

Rule 12(h)(2) reads, "[f]ailure to state a claim upon which relief can be granted... may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." The Seventh Circuit has interpreted the rules to limit the consolidation requirement in the manner Defendants suggest: "Rule 12(g)(2) does

6

not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Therefore, since Defendants' motion to dismiss clearly falls within the Rule 12(h)(2) exception to Rule 12(g)(2), Defendants have not waived the ability to move for dismissal of Counts IV-VI.

**B.    Defendants' Challenge to Emotional Distress and Negligence Claims**

Counts IV, V and VI make claims of intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress. Defendants contend that Chapman fails to adequately allege that Burch intended to harm her emotionally, that Defendants owed Chapman a private duty of care, or that negligence caused her an emotional trauma.

In response, Chapman correctly asserts that the Federal Rules do not require more than a general allegation as to state of mind when the underlying facts are sufficiently pled. Specifically, Fed.R.Civ.P. 9(b) reads, in part, " [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Particularly in view of Rule 9(b)'s general pleading standard, with respect to both the intentional and negligent infliction of emotional distress claims, Chapman has sufficiently pled that Burke's extreme, outrageous and intentional conduct of pulling her out of her vehicle, pushing her to the ground, and ultimately arresting her, caused her to suffer emotional distress. [DE 23 at ¶8-9.] Chapman is not required to plead any more specifically concerning Burke's conduct causing her emotional distress.

As to the negligence and negligent infliction claims, Defendants also argue that negligence claims against a governmental entity require more than a duty owed to the

public as a whole, but a relationship between the plaintiff and the governmental entity giving rise to a private duty owed to the particular person. "Under Indiana law, law enforcement officers owe a private duty to refrain from using excessive force in the course of making arrests." *Kemezy v. Peters*, 622 N.E.2d 1296, 1297 (Ind. 1993). The allegations concerning Burch's actions logically support a violation of that private duty of care, by actions bearing an unreasonable risk of causing Chapman to suffer emotional distress or physical harm. Chapman has presented a series of factual allegations regarding Burch's conduct which, under the *Iqbal/Twombly* analysis, plausibly suggest the commission of the torts of negligence and negligent infliction of emotional distress. Defendants' Motion to Dismiss Counts IV, V and VI will be DENIED.

Before closing there is one more issue worth discussing relating to the claims of negligence and infliction of emotional distress . Under the law enforcement immunity provision of the Indiana Tort Claims Act, a governmental employee "acting within the scope of the employee's employment is not liable if a loss results from...[t]he adoption and enforcement of...a law...unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code 34-13-3-3(8). Other than tort claims expressly carved out by statutory limits or affirmative obligations imposed on law enforcement (such as claims of false arrest), police officers have immunity from Indiana tort claims, including claims for negligence and intentional infliction of emotional distress arising from their actions in effecting arrests while engaged in law enforcement duties. *Ashcraft v. City of Crown Point*, 2013 WL 5934612 at *6 (N.D.Ind. 2013) [DeGuilio, J.]; *Ferris v. Williams*, 2012 WL 6201074 at * (S.D.Ind. 2012). Such immunity doesn't apply to torts such as assault and

8

battery. *Wilson v. Isaacs*, 929 N.E.2d 200, 203 (Ind. 2010). But "'add on' claims such as negligence and intentional infliction of emotional distress do not survive simply because they are a product of improper conduct." *Struck v. Town of Fishers*, 2013 WL 1149718 at *3 (S.D.Ind. 2013), citing *Miller v. City of Anderson*, 777 N.E.2d 1100, 1104 (Ind.Ct.App. 2002).

It is perplexing that Trooper Burch has not raised the issue of tort immunity, and so consideration of such a defense will have to await further argument, perhaps in a motion for summary judgment.

## CONCLUSION

For the reasons stated above, Defendants' Partial Motion to Dismiss [DE 26] is GRANTED in part with respect to all claims against defendant Governor Michael R. Pence, but is otherwise DENIED.

SO ORDERED.

ENTERED: May 8, 2014.

/s/Philip P. Simon
Philip P. Simon, Judge
United States District Court

9